## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

DANIELLE MICHELE VAUGHNS,     §
            PLAINTIFF,     §
            §
V.             §     CIVIL CASE NO. 3:23-CV-1393-K-BK
            §
DALLAS COUNTY JP COURTS, ET AL.,     §
            DEFENDANTS.     §

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### I. BACKGROUND

On June 22, 2023, *pro se* Plaintiff Danielle Michelle Vaughns, a resident of Mesquite, Texas, filed original and supplemental complaints against the Dallas County Justice of the Peace Court (JP Court) and Judge Margaret O'Brien. Doc. 3; Doc. 6. At best, her complaints are inartfully pled. Vaughns essentially challenges the JP Court's June 7, 2023 adverse ruling in an eviction action. Doc. 3 at 1. *See Samuell Apartments LLC v. Vaughns*, JPC-23-03952-21 (Justice of Peace No. 2-1, Dallas County, June 7, 2023).[1] She asserts that Judge O'Brien granted the landlord's petition for eviction "based on verbal word & minimal evidence" and denied her

---

[1] Vaughns provides the JP Court case number on the Civil Cover Sheet, appended to her original complaint. Doc. 3 at 2. The JP Court docket sheet is available on the Dallas County Courts portal (by clicking on Smart Search and entering Case No. JPC-23-03952-21) at https://courtsportal.dallascounty.org/DALLASPROD/ (last accessed June 28, 2023).

"writ of stay" merely "stating not 'appropriate' even with proof payment." Doc. 3 at 1. Vaughns also contends that she was denied an appeal form. Doc. 3 at 1.

In her supplemental complaint, filed the same day, Vaughns alleges that she "experienced discrimination, negligence, and intentional infliction of emotional distress at the hands of Dallas County Justice of the Peace and Judge Margaret Obrien causing [her] removal from her home of 10 years . . . ." Doc. 6 at 1. Vaughns contends that the eviction caused her "irreparable damages, financially leaving her on the street with 2 children, but [also] emotional damage not repairable." Doc. 6 at 1. She maintains that the "discrimination was believed to be based on financial status, race, and disability of ADHD." Doc. 6 at 1.

In the *Civil Cover Sheet*, Vaughns selects the box for federal question jurisdiction "U.S. Government as Defendant" and states Plaintiff and Defendants are both citizens of Texas. Doc. 3 at 2. For the nature of suit, Vaughns checks the boxes for personal injury and property damage. Doc. 3 at 2. She then describes the cause of action as "negligence and discrimination[,] intentional infliction of emotion distress" and asserts her "testimony [was] not acknowledged due to Government assistance." Doc. 3 at 2. Vaughns requests $500,000 in damages.

Upon review, Vaughns fails to present a sufficient basis for federal question or diversity jurisdiction and, as such, this action should be dismissed for want of jurisdiction.[2]

---

[2] Although Vaughns moved to proceed *in forma pauperis*, her motion is insufficient for the Court to determine whether she could proceed *in forma pauperis*. Vaughns' responses consist only of zeros and she states that she has "experienced months of distress [and is] unable to maintain employment." Doc. 4. So it is more efficient to dismiss the complaint than to require compliance with this Court's filing requirements.

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'"  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008) (citations omitted).

The Court liberally construes Vaughns' pleadings with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, Vaughns has not alleged facts that establish federal question or diversity jurisdiction.

Vaughns fails to present a federal cause of action.  28 U.S.C. § 1331.  "A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution

of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). The complaint in this case contains no factual allegations that support federal question jurisdiction. Vaughns does not identify any constitutional or federal statutory violation. She presents a broad-based allegation that she "experienced discrimination" allegedly because of her "financial status, race, and disability of ADHD." Doc. 6 at 1; *see also* Doc. 3 at 2 (mentioning "discrimination"). Yet the mere mention of a federal law or bare assertion of a federal claim is not enough to obtain federal question jurisdiction. Indeed, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ." *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Moreover, Vaughns' assertion that Defendant is in Texas defeats subject-matter jurisdiction on the basis of diversity. Doc. 3 at 2; *see Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted). Further, because Vaughns does not present an adequate basis for federal question jurisdiction, and she cannot rely on diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any possible state-law claims that she may be attempting to assert. 28 U.S.C. § 1367(a).

Lastly, no matter her dissatisfaction with the state eviction action, Vaughns may not seek recourse in federal court. The *Rooker-Feldman* doctrine divests this Court of subject matter

jurisdiction to review state court orders.[3]  *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (holding because of the *Rooker-Feldman* doctrine, "'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts'" (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)).

A federal complaint, even if framed as containing original claims for relief, attacks a state-court judgment for purposes of the *Rooker-Feldman* doctrine "when the [federal] claims are inextricably intertwined with a challenged state court judgment, or where the losing party in a state court action seeks what in substance would be appellate review of the state judgment." *Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) (alteration in original) (internal citations and quotation marks omitted).  Simply stated, a plaintiff cannot circumvent the *Rooker-Feldman* doctrine merely by recasting a complaint in the form of a federal civil rights action.  *Moore v. Whitman*, 742 F. App'x 829, 832 (5th Cir. 2018) (per curiam) (citations omitted).  Moreover, errors in state cases should be reviewed and settled through the state appellate process.  *Rooker,* 263 U.S. at 415; *Weekly*, 204 F.3d at 615.

Here, it is apparent that Vaughns attempts to use her discrimination and state-law claims to collaterally attack the validity of the state court judgment.  *See* Doc. 3 at 1 (complaining about the ruling); Doc. 3 at 2 (claiming her testimony was improperly discounted).  But Vaughns' only recourse for challenging the state judgment is in the state court.  *See, e.g.*, *Moore*, 742 F. App'x at 832 (finding civil rights claims against foster parents and state officials involved in removal and placement of child were "inextricably intertwined" with the state-court judgment and thus

---

[3] This doctrine takes its name from two Supreme Court decisions:  *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

precluded by the *Rooker- Feldman* doctrine); *Clavo v. Townsend*, 544 F. App'x 549, 550-51 (5th Cir. 2013) (per curiam) (affirming dismissal of *pro se* federal lawsuit based on denial of workers compensation benefits).[4]

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). The facts as alleged by Vaughns in her original and supplemental complaints demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, Vaughn's action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on July 28, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] The state court's docket sheet confirms no appeal had been filed as of the filing of this action. *See Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022) ("*Rooker-Feldman* is inapplicable where a state appeal is pending when the federal suit is filed.").

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).